# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>JUAN ARMANDO ALMAZAN,<br><br>*Defendant.* | Case No. 17-10150-01-EFM |

## MEMORANDUM AND ORDER

In March 2018, Petitioner Juan Armando Almazan ("Petitioner") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to a violation of 21 U.S.C. § 843(b) and a violation of 18 U.S.C. § 1952(a)(3). The Court sentenced Petitioner to 108 months imprisonment followed by three years of supervised release. Petitioner now brings this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 32). In this motion, Petitioner contends that he received ineffective assistance of counsel because his counsel did not object to a consecutive sentence. As will be explained below, the Court denies Petitioner's § 2255 claim and denies the motion without an evidentiary hearing.

### I.     Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. On October 11, 2017, Petitioner was indicted on two counts. Count 1 charged Petitioner with unlawfully,

knowingly, and intentionally possessing more than 50 grams (approximately 1.77 kilograms) of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Count 2 charged Petitioner with unlawfully, knowingly, and intentionally possessing, with the intent to distribute, approximately 495.35 grams of a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On October 18, counsel was appointed. On October 19, substitute counsel entered his appearance, and Petitioner had his first appearance.

On March 9, 2018, a Superseding Information was filed. In the Information, Petitioner was charged with two counts. Count 1 charged Petitioner with violation of 21 U.S.C. § 843(b), unlawfully, knowingly, and intentionally using a communication facility (a telephone) to commit, cause to commit, or facilitate the commission of possession with intent to distribute 1.77 kilograms of methamphetamine. Count 2 charged Petitioner with a violation of 18 U.S.C. § 1952(a)(3), traveling in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, that is the possession with the intent to distribute methamphetamine.

On March 15, 2018, the parties entered into a Rule 11 Plea Agreement.[1] Petitioner pled guilty to Counts 1 and 2 in the Superseding Information. He admitted to knowingly transporting drugs from Arizona to Kansas, and that he had used his telephone while in Kansas and elsewhere to make the arrangements to transport the methamphetamine and cocaine from Arizona to Kansas. He also admitted that he would then deliver the drugs to other individuals in Kansas. In return for his guilty plea, the government agreed to jointly recommend with Petitioner a sentence at the top

---

[1] In a separate document, Petitioner also waived his right to indictment.

end of the applicable guideline range for each count, to run consecutively to each other, for a total controlling sentence of 9 years imprisonment.

On June 1, 2018, the Court sentenced Petitioner to 108 months of imprisonment followed by three years of supervised release. On April 26, 2019, Petitioner filed this motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In his motion, Petitioner argues that his conviction should be set aside because he received ineffective assistance of counsel. He contends that his counsel should have objected to the imposition of a consecutive sentence and it should have run concurrently instead. Petitioner requests to be resentenced. As discussed below, based on a review of the record, the Court finds Petitioner's assertions of error to be without merit.

## II. Legal Standard

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [t]he judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[3] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

### III.     Analysis

**A.     Waiver of Collateral Attack**

Petitioner pleaded guilty pursuant to a Rule 11 agreement, in which he waived his right to appeal or collaterally attack his sentence. The government asserts that Petitioner's motion is in violation of his waiver of appeal and collateral attack. Paragraph 9 of the plea agreement states, in relevant part:

> **Waiver of Appeal and Collateral Attack**. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the

---

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[4] *See id*. at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

> Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

The Tenth Circuit has held that when a petitioner waives his right to bring a post-conviction collateral attack in a plea agreement and later brings a § 2255 petition, the court must determine: "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[5]

Applying this test to Petitioner's claim, the Court concludes that Petitioner has not waived his right to collaterally attack his sentence. The plea agreement's waiver precludes challenging his sentence. The waiver provision in the plea agreement, however, also explicitly states that Petitioner does not waive any claim for ineffective assistance of counsel. Indeed, it states that "defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel." Although Petitioner essentially challenges his agreed upon sentence, he brings an

---

[5] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)) (internal quotation marks omitted).

ineffective assistance of counsel claim.[6] Thus, to the extent that Petitioner raises an ineffective assistance claim, it does not fall within the waiver's scope.[7]

**B.     Ineffective Assistance of Counsel**

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[8] Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[9] To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[10] With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11] "A reasonable probability is a probability sufficient to undermine confidence in

---

[6] Several judges in this district, including this one, have found that the last sentence in the waiver paragraph broadens a petitioner's rights in bringing collateral attacks and § 2255 motions. *See United States v. Rodarmel,* 2017 WL 4882666, at *1 (D. Kan. 2017); *United States v. Garcia-Viveros*, 2017 WL 1208014, at *2 (D. Kan. 2017); *United States v. Delgado-Ornelas,* 2017 WL 411351, at *3 (D. Kan. 2017); *United States v. Ellis*, 2017 WL 193158, at *4 (D. Kan. 2017). In *Ellis*, Judge Vratil stated that the final sentence of the waiver paragraph is broader than the *Cockerham* exception and that "the plain language of the plea agreement permits all claims of ineffective assistance of counsel . . . ." *Ellis*, 2017 WL 193158, at *4. In addition, Judge Vratil noted that "[t]he government's continued assertion of the waiver of collateral attacks to bar claims of ineffective assistance of counsel had led to a waste of judicial resources and confusion among pro se defendants." *Id.* She required the Assistant United States Attorney on that case to distribute a copy of the *Ellis* order to every Assistant United States Attorney in the District of Kansas in an effort "[t]o avoid this issue in the future." *Id.*

[7] *See Garcia-Viveros*, 2017 WL 1208014, at *2 (stating that the other courts in this district "did not enforce the waivers against the defendants' ineffective assistance of counsel claims, even though their claims essentially challenged their agreed upon sentences").

[8] 466 U.S. 668 (1984).

[9] *Id*. at 687-89.

[10] *Id*. at 690.

[11] *Id.* at 694.

the outcome."[12] This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[13]

In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[14] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[15] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[16]

In this case, Petitioner cannot demonstrate prejudice. First, Petitioner does not state a necessary component that he would have proceeded to trial "absent defense counsel's ineffectiveness."[17] Instead, Petitioner simply states that he was erroneously sentenced.

Next, Petitioner's contention that he should have had concurrent sentences applied (and that his counsel should have objected to consecutive sentences) is contrary to the plea agreement he entered with the government. It is also contrary to the representations Petitioner made to the Court. During the plea colloquy, the Court engaged Petitioner in a lengthy discussion about the specific details and ramifications of his plea, as well as his knowledge of the promises contained

---

[12] *Id.*

[13] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[14] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[15] *Strickland*, 466 U.S. at 690.

[16] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

[17] *Garcia-Viveros*, 2017 WL 1208014, at * 3 (citing *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002)).

in the plea agreement, and Petitioner's willingness to enter into the plea agreement. The Court specifically discussed the length of sentence and said that the agreement reached by Petitioner and the government called for "a joint recommendation for a nine-year sentence." There was discussion by the parties and the Court that Petitioner would get four years for one count and five years for the second count for a total of nine years. When the Court asked Petitioner if he understood the agreement that had been made, Petitioner responded with "Yes, sir." The Court went through Petitioner's sentence in some detail and specifically informed Petitioner that the way the plea agreement was structured that the sentence could not be more than nine years. Petitioner always indicated that he understood nine years was the agreed upon sentence for the charges for which he was pleading. In discussing the nine-year sentence, there was also discussion that Petitioner was avoiding a potential 12 to 14-year sentence by entering into this particular plea agreement.

When Petitioner was asked if he understood the agreement that had been made, Petitioner responded with "Yes, sir." The Court asked if any other promises, other than the ones in the plea agreement, had been made to persuade Petitioner to enter the plea agreement. Petitioner responded "No, sir." Finally, the Court specifically asked Petitioner whether his plea of guilty was freely and voluntarily made to which Petitioner responded with a "Yes, sir."

During the plea colloquy, the Court also inquired with Petitioner if he was satisfied with his lawyer's legal advice and representation. Petitioner affirmatively answered, "Yes, sir." When the Court asked whether Petitioner knew that he could refuse the plea agreement and proceed to trial, Petitioner indicated that he understood.

In addition, Petitioner signed the Petition to Enter Plea of Guilty in which he confirmed the following:

>I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment, in this petition, and in the certificate of my attorney which is attached to this petition.

Based on the above evidence, the record demonstrates that Petitioner's plea was knowingly and voluntarily made with a complete understanding of its consequences. Thus, Petitioner's claim that his counsel was ineffective fails.[18]

An evidentiary hearing is not necessary on Petitioner's motion because Petitioner's allegations are not supported by the record. Petitioner does not provide the Court with a basis for vacating his sentence. Accordingly, Petitioner's § 2255 motion is without merit and is denied.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[19] A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[20] For the reasons

---

[18] Petitioner includes several statements in his affidavit as to why his counsel was ineffective. He only specifically addresses the alleged failure to explain or object to the concurrent sentence. With regard to other allegations about discovery failures, limited interaction with his counsel, and failure to explain the case, Petitioner fails to provide any additional detail. To the extent that Petitioner contends his counsel was ineffective on these grounds, Petitioner's conclusory statements are insufficient to establish ineffective assistance of counsel and fails to demonstrate that he is entitled to relief. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting arguments that were largely conclusory).

[19] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* 28 U.S.C. § 2253(c)(1).

[20] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 32) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 19th day of September, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE